## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MATTHEW G. COLLINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1293-M |
| | ) | |
| DEBRA VINCENT, District Attorney, | ) | |
| | ) | |
| Respondent.¹ | | |

# **REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 alleging a violation of his constitutional rights.² United States District Judge Vicki Miles-LaGrange has referred this matter for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases,

---

[1] Petitioner is currently incarcerated at the Payne County Jail. The proper respondent in this habeas action is the state official having custody of Petitioner. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. Because, as more fully set forth herein, it is recommended that the Petition be summarily dismissed, substitution of the proper respondent is not required. If, however, the Court declines to adopt this Report and Recommendation, R.B. Hauf, the Sheriff of Payne County, should be substituted as the proper respondent.

[2] Petitioner filed a form petition pursuant to 28 U.S.C. § 2241. However, Petitioner challenges the validity of his conviction and sentence, not the execution of his sentence. Therefore, the court construes the Petition as brought pursuant to 28 U.S.C. § 2254. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and [28 U.S.C] § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence.").

the Petition has been promptly examined. For the reasons set forth below, it is recommended that the Petition be summarily dismissed.[3]

I. **Factual Background / Grounds for Federal Habeas Relief**

Petitioner challenges his conviction and sentence in Case No. CF-2011-268, District Court of Payne County, State of Oklahoma. Petitioner entered a plea of guilty on September 15, 2011. *See* Petition, ¶ 6. He did not file a direct appeal of his conviction and sentence. In the Petition, he alleges that beginning in October 2015 he sought post-conviction relief before the state district court and that those proceedings remain pending. *See id*., ¶¶ 7-9.[4] Petitioner alleges a single ground for federal habeas relief. He claims that he was illegally sentenced under Oklahoma law, citing *Bumpus v. State*, 925 P.2d 1208 (Okla. Crim. App. 1996). *Id*., ¶ 13.[5] Petitioner requests that his conviction and sentence be vacated. *Id*., ¶ 15.

---

[3] Petitioner has also filed two civil rights complaints pending in this judicial district which purport to raise claims based on the same facts which give rise to the instant habeas action. *See Collins v. Payne County, D.A*., Case No. CIV-15-1292-R, Compl. (W.D. Okla. Nov. 20, 2015); *Collins v. Payne County, et al*., Case No. CIV-15-1294-R, Compl. (W.D. Okla. Nov. 20, 2015).

[4] The Court also takes judicial notice of the docket in Case No. CF-2011-268, District Court of Payne County, State of Oklahoma, available at www.oscn.net, which corresponds to the allegations of the Petition. The state court docket reflects the State has moved to revoke Petitioner's suspended sentence and those proceedings remain pending. But the current Petition does not raise any challenge to the revocation proceedings. *See Gist v. Evans*, 587 F. App'x 490, 492 (10th Cir. 2014) (Oklahoma prisoner's challenge to the imposition of a suspended sentence as void under Oklahoma law constituted a challenge to the original sentence and not a challenge to revocation proceedings).

[5] In *Bumpus,* the Oklahoma Court of Criminal Appeals found a revoked suspension order voidable, but not void under Okla. Stat. tit. 22, § 991(a)(C) (Supp. 1995), entitling the defendant the opportunity to withdraw a guilty plea. The statute prohibits the suspension of sentences for "defendants being sentenced upon their third or subsequent to their third conviction of a felony." *See id*. Petitioner contends he was not eligible for a suspended sentence due to prior felony convictions.

2

## II. Analysis

### A. Screening Requirement

Rule 4 requires this Court to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. This rule permits the Court to raise the issue of the petition's timeliness. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."); *Thomas v. Ulibarri*, 214 F. App'x 860, 861 n.1 (10th Cir. 2007) (addressing the requirements of *Day* and the discretion of the district court to address the timeliness of a habeas petition). The Court finds the untimeliness of Petitioner's habeas claim is plain from the face of the Petition and, therefore, the Court may properly exercise its discretion and sua sponte dismiss the Petition. The Court also finds the sole ground upon which Petitioner seeks habeas relief is without merit and therefore, dismissal of the Petition is required.[6]

### B. Timeliness of the Petition

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for § 2254 habeas petitions brought by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The period begins to run from "the latest of" four dates:

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States

---

[6] Although it further appears Petitioner's claim is unexhausted, because the claim lacks merit the Court recommends the Petition be denied. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Unless a petitioner alleges facts implicating the provisions set forth in § 2244(d)(1)(B), (C) or (D), the limitations period generally begins to run from the date on which the conviction became final. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

Petitioner entered his guilty plea on September 15, 2011. Under Oklahoma law, a defendant must file an application to withdraw a guilty plea within ten days of the pronouncement of the judgment and sentence in order to commence an appeal from any conviction on a plea of guilty. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18; *see also Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (applying Oklahoma law and finding that petitioner's conviction became final ten days after guilty plea where petitioner "did not move to withdraw his guilty pleas, file a direct appeal, or seek a writ of certiorari from the United States Supreme Court"). As set forth, Petitioner did not file a motion to withdraw his guilty plea and, therefore, his conviction became final on September 25, 2011, ten days after the pronouncement of the judgment and sentence.

Pursuant to § 2244(d)(1)(A), Petitioner's one-year limitations period commenced on September 26, 2011, and he had until September 26, 2012, to file his federal habeas petition. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n. 6 (10th Cir. 2011). The instant Petition was not filed until over three years later. Therefore, absent any tolling events, the Petition is untimely filed.

### 1. Statutory Tolling

The allegations of the Petition demonstrate that grounds for statutory tolling do not exist. *See* 28 U.S.C. § 2244(d)(2) (providing for tolling if during the one-year limitations period a petitioner properly files an application for post-conviction or other collateral review in state court). Petitioner's first attempt at post-conviction relief occurred in October 2015, well after expiration of the one-year period under § 2244(d)(1)(A). Because Petitioner did not seek post-conviction relief until after the limitations period expired, statutory tolling is not available to him. *See, e.g., Clark*, 468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one-year allowed by [§ 2244(d)] will toll the statute of limitations.").

### 2. Equitable Tolling

The limitations period set forth in § 2254(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). But, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotations and citation omitted). Moreover, equitable tolling is available only "in rare and exceptional circumstances" and "a garden variety claim of excusable neglect is not enough." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (citations omitted).

The Petition contains no allegations to demonstrate equitable tolling should apply. Petitioner's delay of over three years in pursuing his rights further countenances against the availability of equitable tolling.

### C. Petitioner's Sole Ground for Federal Habeas Relief Lacks Merit

Even if the Petition is not time-barred, the Petition should be summarily dismissed because the sole ground raised does not entitle Petitioner to habeas relief. Petitioner challenges

the legality of his suspended sentence under Oklahoma law. He claims 2004 convictions for assault and battery with a dangerous weapon rendered him ineligible to receive a suspended sentence. *See* Petition, ¶ 13(a). But Petitioner's claim raises only an issue of state law. *See Gist*, 587 F. App'x at 493 (Oklahoma prisoner's claim based on *Bumpus*, that suspended sentence was illegal "amount[ed] to a challenge of a pure issue of state law and, therefore, [could] not be the basis of federal habeas relief"); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("Federal habeas corpus relief does not lie for errors of state law.") (internal quotations omitted). Accordingly, the Petition should be dismissed because the only ground raised does not entitle Petitioner to federal habeas relief.

## **RECOMMENDATION**

It is recommended that the Petition [Doc. No. 1] be summarily dismissed.

## **NOTICE OF RIGHT TO OBJECT**

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by December 21, 2015. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The Clerk of Court is directed to transmit a copy of this Report and Recommendation to the named Respondent for informational purposes.

## **STATUS OF REFERRAL**

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

ENTERED this 30th day of November, 2015.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE